# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2023

Lyle W. Cayce
Clerk

No. 21-20236
Summary Calendar

Jesse Celedon Gamboa,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice,
Correctional Institutions Division*; Debra Gibbs, *Chair*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-231

Before Richman, *Chief Judge*, Duncan, and Oldham, *Circuit Judges*.
Per Curiam:*

Jesse Celedon Gamboa, Texas prisoner # 2106445, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint. He contends that a new Texas law governing parole should not apply to him because his convictions occurred before the new law became effective; he was entitled to parole review consideration on the earlier date permitted by the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-20236

prior parole law; and the failure to conduct a parole review hearing on the earlier date violated his due process rights and amounted to a violation of the Ex Post Facto Clause.

We review the grant of a summary judgment motion de novo, *see Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009), and may affirm on any basis supported by the record, *see Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010). Having reviewed the record and briefs, we discern no error in the dismissal of Gamboa's due process claim, *see Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (per curiam), or his ex post facto violation claim, *see Cal. Dep't of Corrs. v. Morales*, 514 U.S. 499, 508-09 (1995); *see also Garner v. Jones*, 529 U.S. 244, 251 (2000).

AFFIRMED.